UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAN PINTO,<br><br>Plaintiff,<br><br>v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION, NOVARTIS PHARMA GMBH, and NOVARTIS AG,<br><br>Defendants. | Civil Action No.:<br><br>*Document electronically filed*<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Novartis Pharmaceuticals Corporation ("NPC") hereby removes the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Removal of this pharmaceutical product liability action, in which plaintiff alleges that the drug Elidel® caused plaintiff's cancer, is proper because: (1) all plaintiffs and defendants are of diverse citizenship; and (2) the amount in controversy clearly exceeds $75,000. In further support of this removal, NPC states as follows:

1.  On July 2, 2008, Plaintiff Alan Pinto filed a products liability action against NPC and others in the Supreme Court of the State of New York, County of New York. The action is captioned *Alan Pinto v. Novartis Pharmaceuticals Corporation, Novartis GmbH, and Novartis AG*, Civil Action No. 08-109156 ("State Court Action"). Plaintiff seeks damages for injuries allegedly sustained as a result of using Elidel®, a prescription cream sold by NPC for the treatment of atopic dermatitis. *See* Plaintiff's Complaint, attached as Exhibit 1. (As of the time of removal, there have been no other filings in the State Court Action, and therefore, Exhibit 1 is a complete copy of all State Court pleadings).

2. On July 15, 2008, NPC was served with the Summons and Complaint. Upon information and belief, no other defendants have been served with the Summons and Complaint.[1]

3. Plaintiff Alan Pinto is a resident and citizen of Manhattan, New York. *See* Compl. ¶ 6. Therefore, for the purpose of determining diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), plaintiff is a citizen of the State of New York.

4. NPC is, and has been at all relevant times, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey. Therefore, for the purpose of determining diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) & (c)(1), NPC is a citizen of Delaware and New Jersey but not New York.

5. Upon information and belief, Novartis Pharma GmbH is, and has been at all relevant times, a German corporation with its principal place of business in Germany.

6. Upon information and belief, Novartis AG is, and has been at all relevant times, a Swiss corporation with its principal place of business in Switzerland.

7. Accordingly, diversity of citizenship exists between the plaintiff and defendants in this action. *See* 28 U.S.C. § 1332(a).

8. This action clearly involves an amount in controversy in excess of $75,000, exclusive of interests and costs. In this pharmaceutical product liability action, Plaintiff alleges that the prescription pharmaceutical cream Elidel® caused plaintiff to contract cancer, specifically non-Hodgkin's lymphoma, in August 2005. Compl. ¶ 58. Plaintiff alleges that he suffered "serious bodily injury and harm" and "continues to suffer serious and permanent non-

---

[1] "It is well-settled that a removing defendant need not obtain the consent of non-served defendants to remove an action." *In re Air Crash at Belle Harbor, NY*, Nos. 02-MDL-1448, 02-cv-6746, 02-cv-6747, 2003 WL 21032034, at *6 (S.D.N.Y. May 5, 2003).

economic and economic injuries" as a direct result of NPC's conduct. Compl. ¶¶ 58, 77. Plaintiff further alleges that NPC "recklessly, falsely, and deceptively represented or knowingly omitted . . . material facts regarding the safety and efficacy of Elidel®" from the medical community. *See, e.g., id.* at ¶ 102(b). Plaintiff asserts that NPC "willfully, intentionally, and with reckless disregard for the rights of Plaintiff and the public" engaged in various misconduct. *Id.* at ¶ 103.[2] In this action, plaintiff seeks compensatory damages, treble damages, and punitive damages. *Id.* at 22 ("Relief Requested") (seeking "punitive damages against Defendants in an amount sufficient to punish Defendants for its wrongful conduct and to deter similar wrongful conduct in the future.").

9. Where, as here, the complaint does not set forth a specific dollar amount in controversy, but there is "a reasonable probability that the claim is in excess of [$75,000]," the amount-in-controversy requirement is satisfied. In fact, in a similar case – where no specific amount of damages was alleged but which involved allegations that a pharmaceutical product caused a "serious and life-threatening medical condition" – the court found that the removal was proper. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).

10. Moreover, the court may look to experience with other cases involving the same drug product in evaluating the amount in controversy. *See id.* (looking to other complaints in the Rezulin MDL). Here, this case is one of twenty-four cases pending in various state and federal courts where the plaintiff alleges that Elidel® caused his or her cancer. In *Perry v. Novartis Pharms. Corp., et al.*, No. 05-cv-5350 (E.D. Pa. filed Oct. 12, 2005), like here, the plaintiffs alleged that an Elidel® user developed non-Hodgkin's lymphoma (specifically, a lymphoblastic

---

[2] Although NPC disputes these and many other allegations in the Complaint, NPC sets forth these allegations here to show that this case readily satisfied the amount-in-controversy requirement.

3

lymphoma) as a direct result of his Elidel® use. *See* Ex. 2 (*Perry* complaint). Plaintiffs brought that action directly in federal court (the Eastern District of Pennsylvania), *see* Ex. 3 (docket excerpt), and alleged that the amount in controversy exceeded $75,000, *see* Ex. 2 at ¶ 21. Likewise, in *Henderson v. Novartis Pharms. Corp., et al.*, Civil No. 7:08-1814 (D.S.C. filed May 6, 2008), wherein plaintiff alleged that Elidel® caused her husband to develop cutaneous T-cell lymphoma, plaintiff brought that action directly in federal court in South Carolina. *See* Ex. 4 (excerpts of *Henderson* complaint).

11.   Not surprisingly, in other Elidel® cases that NPC removed to federal court, plaintiffs have not contested the amount-in-controversy requirement. *See Thomson v. Novartis Pharms. Corp., et al.*, Civil No. 06-6280, 2007 WL 1521138 (D.N.J. filed Dec. 29, 2006) (contesting removal based on forum defendant rule, but no objection made to the amount in controversy) (Ex. 5, plaintiff's motion for remand); *see also Madsen v. Novartis Pharms. Corp., et al.*, Civil No. 08-773 (D.N.J. filed Feb. 8, 2008) (plaintiffs did not file a motion for remand on amount in controversy or any other grounds) (Ex. 6, *Madsen* docket).

12.   In this case, it is evident from the face of the Complaint, particularly given the nature of the allegations asserted and relief sought, that Plaintiff's claims exceed $75,000. *See Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 439 (S.D.N.Y. 2006) (finding the amount in controversy satisfied based the complaint's facial allegations in a personal injury action arising from a motor vehicle accident); *Zido v. Werner Enters., Inc.*, 498 F. Supp. 2d 512, 514 (N.D.N.Y. 2006) ("the amount in [controversy] question appears, from a fair reading of the Complaint, to exceed $75,000"); *see also A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (ruling that claim for punitive damages can be considered in assessing amount in

controversy). This conclusion is further confirmed by the experience with other Elidel® cases, all involving similar allegations, pending in other federal courts.

13. Venue is proper in this Court because the Supreme Court of the State of New York, County of New York is located within the judicial district for the Southern District of New York as provided by 28 U.S.C. § 112(b), and because this Court is the "district and division embracing the place where such action is pending" as provided by 28 U.S.C. § 1441(a).

14. NPC is filing this Notice of Removal within 30 days of receipt of the Complaint and therefore the Notice of Removal is timely.

15. Accordingly, subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a), and NPC has properly removed this action pursuant to 28 U.S.C. § 1441(a).

16. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Exhibit 7 and is being filed with the Supreme Court of the State of New York, County of New York.

Dated: July 25, 2008

Respectfully submitted,

/s/ Diane E. Lifton
Diane E. Lifton (DL-9673)
**GIBBONS PC**
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701
Telephone: 212-613-2000
Fax: 212-290-2018

Of Counsel
**SPRIGGS & HOLLINGSWORTH**
1350 I Street, N.W.
Washington, DC 20005
Telephone: 202-898-5800
Fax: 202-682-1639

*Attorneys for Novartis Pharmaceuticals Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2008, Defendant Novartis Pharmaceutical's Notice of Removal was electronically filed with the Court by using the CM/ECF system and served by electronic mail upon the following:

Christopher A. Seeger
David R. Buchanan
Christopher M. Van de Kieft
SEEGER WEISS, LLP
One William Street
New York, NY 10004
*Attorneys for Plaintiff*

/s/ Ethan D. Stein
Ethan D. Stein